IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

No. 24-2221

DAVID P. BOURKE,

*Plaintiff-Appellant,*

*-vs-*

DOUGLAS A. COLLINS, SECRETARY OF THE U.S.
DEPARTMENT OF VETERANS AFFAIRS

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Illinois
No. 22-cv-3164 — Matthew F. Kennelly, District Judge.
_____

# REPLY BRIEF OF PLAINTIFF-APPELLANT

Kenneth N. Flaxman
*Counsel of Record*
Joel A. Flaxman
200 South Michigan Avenue
Suite 201
Chicago, Illinois 60604
(312) 427-3200
knf@kenlaw.com
*Attorneys for Plaintiff-Appellant*

# TABLE OF CONTENTS

I.    The VA Rescinded Plaintiff's Reasonable
      Accommodation on May 14, 2020 ................................................................. 1

II.   There Is a Consensus of Persuasive Authority
      that an Employer May Not, Absent Good Cause,
      Rescind a Reasonable Accommodation ......................................................... 3

III.  In the Alternative, the Record Viewed in the
      Light Most Favorable to Plaintiffs, Shows that the
      VA Did Not Accommodate Plaintiff's Disability
      between May 14, 2020 and June 29, 2020 .................................................... 5

IV.   Conclusion .................................................................................................... 8

# TABLE OF AUTHORITIES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .................................... 7

*Bilinsky v. American Airlines, Inc.*, 928 F.3d 565
    (7th Cir. 2019) .................................................................................2, 3, 4, 6

*Boggs v. Cedar Creek, LLC*, 2017 WL 6503658
    (W.D. Okla. Dec. 19, 2017) ........................................................................ 4

*Equal Employment Opportunity Commission v. Charter
    Communications*, 75 F.4th 729 (7th Cir. 2023) ................................... 6

*Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432 (7th Cir. 1986) ............. 7

*Isbell v. John Crane, Inc.*, 30 F. Supp. 3d 725
    (N.D. Ill. 2014) ........................................................................................ 4

*Kass v. Synovus Fin. Corp.*, 800 F. App'x 804 (11th Cir. 2020) ................... 5

*Spears v. Okmulgee County*, No. 23-CV-065-JFH-GLJ,
    2024 WL 1959292 (E.D. Okla. May 3, 2024) .......................................... 4

*Walters v. Pro. Lab. Grp., LLC*, 120 F.4th 546 (7th Cir. 2024) ..................... 6

*Williams v. City of Chicago*, 733 F.3d 749 (7th Cir. 2013) ........................... 7

*Wood v. Sec. Credit Servs., LLC*, 126 F.4th 1303 (7th Cir. 2025) ................. 7


42 U.S.C. § 12112 ................................................................................ 4


*Merriam-Webster's Dictionary,* https://www.merriam-
    webster.com/dictionary/rescind ........................................................... 2

# ARGUMENT IN REPLY

## I.  The VA Rescinded Plaintiff's Reasonable Accommodation on May 14, 2020

The parties agree that the summary judgment record establishes the first two elements of plaintiff's Rehabilitation Act claim: Plaintiff is a qualified individual with a disability and the VA was aware of his disability. (Brief of Appellee 15.) This appeal turns on the third element, whether the VA failed to accommodate plaintiff's disability.

The parties agree that the VA reasonably accommodated plaintiff's disability from 2019 until May 14, 2020. (Brief of Appellee 5 n.4.) Before May 14th, plaintiff would enter the workplace from the "entrance closest to his original accommodation parking space, access his scooter from the Ambulatory Surgery Unit workspace, and *then* use his scooter to travel through the facility." (Brief of Appellee 5.)

The parties also agree that starting on May 14, 2020, the VA prohibited plaintiff from entering the workplace through the entrance closest to his assigned parking spot, and the VA did not permit plaintiff to use that entrance again until June 29, 2020. (Brief of Appellee 9.) Thus, this case is about whether the VA reasonably accommodated plaintiff's disability during the 46 days from May 14, 2020 until June 29, 2020.

Plaintiff contends that the abrogation of his reasonable accommodation on May 14, 2020 was a rescission that the Court should judge by the standard it announced in *Bilinsky v. American Airlines, Inc.*, 928 F.3d 565, 573 (7th Cir. 2019): "an employer may not rescind an accommodation simply because it is inconvenient or burdensome." (Brief of Appellant 13-16.)

The VA disagrees, asserting it "did not *rescind* Bourke's accommodation." (Brief of Appellee 23.) The VA argues that it simply "changed" plaintiff's reasonable accommodation. (Brief of Appellee 11, 13, 21.) The Court should reject this attempt to redefine "rescind."

The ordinary definition of "rescind" is "to take away." *Rescind, Merriam-Webster's Dictionary*, https://www.merriam-webster.com/dictionary/rescind (last visited March 16, 2025). The VA "took away" plaintiff's reasonable accommodation on May 14, 2020 when it told plaintiff he could no longer enter the Hospital through the rear entrance.

The VA did not invite plaintiff to engage in an "interactive process" about an alternative way to accommodate plaintiff's disability: Plaintiff's email dated May 12, 2020 (ECF No. 31-3 at 79) makes plain that the VA would not allow any further exception to its door closing policy and was not interested in discussing the possibility that a COVID screener could be detailed to the rear door when plaintiff entered the workplace at 5:00 a.m. each

day. The refusal of the VA to engage in an "interactive process" is made plain by its refusal to assign plaintiff to a new reserved parking space near the front entrance to the workplace because "it would require re-designating an unassigned handicapped spot (available to any disabled visiting veteran or employee) to an individual." (Brief of Appellee 7.)

The Court should therefore reject the VA's request to redefine the word "rescind" and hold that the VA violated the Rehabilitation Act.

## II.  There Is a Consensus of Persuasive Authority that an Employer May Not, Absent Good Cause, Rescind a Reasonable Accommodation

The VA asks the Court to limit to their facts the cases on which plaintiff relies. (Brief of Appellee 23-27.) The Court should reject this unduly narrow approach because these cases show a consensus of persuasive authority that an employer may not, absent good cause, rescind a previously granted reasonable accommodation.

The VA agrees that this Court wrote in *Bilinsky v. American Airlines, Inc.*, 928 F.3d 565 (7th Cir. 2019) that "[a]bsent some change in circumstance, an employer may not rescind an accommodation simply because it is inconvenient or burdensome." *Id.* at 573. The VA argues, however, that *Bilinsky* is of no consequence because "the VA did not *rescind* Bourke's accommodation." (Brief of Appellee 23.) Plaintiff demonstrated above that the Court should reject the VA's attempt to redefine "rescind."

The VA also seeks to distinguish this case by asserting that it involves merely requiring that "an employee use a different entrance when the old entrance was closed … due to a world-wide deadly pandemic." (Brief of Appellee 24.) This is incorrect.

While the door was closed to the general public until June 20, 2020, the door had not been "demolished in a fire," as in the misguided analogy offered by the VA. (Brief of Appellee 22.) On the contrary, the door remained functional and could have been accessed by plaintiff when he entered the building each morning to be met by a screener to test for COVID.

The VA overlooks the consensus of persuasive authority that an employer may not, absent good cause, rescind a previously granted reasonable accommodation. The district court in *Spears v. Okmulgee County*, No. 23-CV-065-JFH-GLJ, 2024 WL 1959292 (E.D. Okla. May 3, 2024) fairly summarized this consensus:

> [O]nce a reasonable accommodation has been granted, an employer cannot simply withdraw that accommodation—unilateral withdrawal of a reasonable accommodation is simply one manner in which an employer might "not mak[e] reasonable accommodations." 42 U.S.C. § 12112; *Bilinsky v. American Airlines, Inc.*, 928 F.3d 565 (7th Cir. 2019) ("Absent some change in circumstance, an employer may not rescind an accommodation simply because it is inconvenient or burdensome"); *see also*, *Kass v. Synovus Fin. Corp.*, 800 F. App'x 804, 810 (11th Cir. 2020); *Boggs v. Cedar Creek, LLC*, 2017 WL 6503658 (W.D. Okla. Dec. 19, 2017); *Isbell v. John Crane, Inc.*, 30 F. Supp. 3d 725, 734 (N.D. Ill. Mar. 21, 2014).

*Spears v. Okmulgee County*, 2024 WL 1959292 at \*3 (footnote omitted).

This Court got it right in *Bilinsky v. American Airlines, Inc.*, 928 F.3d 565 (7th Cir. 2019), when it explained that "[a]bsent some change in circumstance, an employer may not rescind an accommodation simply because it is inconvenient or burdensome." *Id.* at 573. It was not "inconvenient or burdensome" for the VA to detail a screener to check plaintiff when he entered the workplace—the distance was short and few persons arrived for work at 5:00 a.m. when plaintiff would customarily arrive for his shift that started at 6:00 a.m. (ECF No. 31-3 at 128, Email, Wirtjes to Graham, May 15, 2020.) The Court should reaffirm *Bilinsky* and reverse the denial of plaintiff's cross-motion for summary judgment.

### III. In the Alternative, the Record, Viewed in the Light Most Favorable to Plaintiff, Shows that the VA Did Not Accommodate Plaintiff's Disability between May 14, 2020 and June 29, 2020

If the Court declines plaintiff's request to direct the entry of summary judgment in his favor, it should reverse the order granting summary judgment to defendant: Viewed in the light most favorable to plaintiff, the summary judgment record shows a disputed question of fact as to whether the VA accommodated plaintiff's disability between May 14, 2020 and June 29, 2020.

First, the VA seeks to defend its refusal to grant plaintiff a parking space adjacent to the front lobby because it would have required that a reserved parking space be designated for use by a specific person. Instead, the VA asks the Court to conclude that a "reasonable accommodation" may not include "re-designating an unassigned handicapped spot (available to any disabled visiting veteran or employee) to an individual." (Brief of Appellee 7.) This proposition is unsupported by anything in the Rehabilitation Act which, like the ADA, "could require accommodation in the form of parking space near work." *Equal Employment Opportunity Commission v. Charter Communications*, 75 F.4th 729, 731 (7th Cir. 2023).

The Court views the record in the light most favorable to plaintiff on the VA's motion for summary judgment. *Walters v. Pro. Lab. Grp., LLC*, 120 F.4th 546, 548 (7th Cir. 2024). Viewed in this light, the VA's refusal to grant plaintiff a parking space adjacent to the front lobby shows a failure to accommodate.

Second, the VA asks this Court to find that the VA offered plaintiff a reasonable accommodation when it told him that he could store his motorized scooter overnight in the Patient Advocate Department. (Brief of Appellee 17-20.) This Court should not repeat the district court's error and

resolve this disputed question of material fact in favor of the VA in advance of trial.

Whether an accommodation is "reasonable," when as here the plaintiff contends that he is fearful that the proposed accommodation would result in the theft of his motorized scooter, "sounds like the territory of the jury," *Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432, 439 (7th Cir. 1986), or, in a case where a judge is the finder of fact, a question to be resolved at trial. The finder of fact would be entitled to judge plaintiff's credibility and weigh plaintiff's claims about lack of security against any contrary testimony. This is not the kind of judgment that may lawfully be made on summary judgment.

A court hearing a motion for summary judgment may not weigh the evidence and resolve the disputed facts about whether a proposed accommodation was "reasonable." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wood v. Sec. Credit Servs., LLC*, 126 F.4th 1303, 1315 (7th Cir. 2025); *Williams v. City of Chicago*, 733 F.3d 749, 752 (7th Cir. 2013). If the Court does not order the grant of summary judgment in favor of plaintiff, it should remand for trial on the reasonableness of the proposed accommodation.

## IV.    Conclusion

For the reasons above stated and those previously advanced, the Court should reverse the order granting summary judgment and remand for trial on damages or, in the alternative, reverse and remand for trial.

Respectfully submitted,

/s/  <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
Joel A. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200
knf@kenlaw.com

*Attorneys for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

The undersigned, attorney for Plaintiff-Appellant, certifies that the foregoing reply brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a). The brief contains 1,608 words, as counted by the word-counting application of Microsoft Word 365.

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
*an attorney for plaintiff-appellant*